**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **DAVID AND JENNIFER WELLS,** | ) | |
| | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Case No. 11-1271-CM** |
| | ) | |
| **FEDERAL DEPOSIT INSURANCE** | ) | |
| **CORPORATION as receiver for** | ) | |
| **Security Savings Bank, F.S.B.;** | ) | |
| **LLOYDS OF KANSAS, LLC; LONNIE** | ) | |
| **WILSON, in his individual capacity and/or** | ) | |
| **In his representative capacity,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## MEMORANDUM AND ORDER

Plaintiffs David and Jennifer Wells bring this action seeking redemption of property located in Saline County, Kansas. Plaintiffs brought a case in state court based on the same set of facts, but did not receive the relief they sought. After being denied relief in state court, plaintiffs brought this action in federal court, citing 12 U.S.C. § 1821(d)(6) as the source of federal jurisdiction. The matter is before the court on Defendants Lloyds of Kansas, LLC and Lonnie Wilson's Motion to Dismiss (Doc. 5) and Defendant Federal Deposit Insurance Corporation's Motion to Dismiss (Doc. 10). Defendants argue that plaintiffs' claims are barred by the doctrines of *res judicata* and collateral estoppel, as well as for other reasons. The court agrees and dismisses the case.

## I.      Factual Background

Plaintiffs contend that the court must disregard all facts supported by documents other than the complaint.  Generally, when considering a Rule 12(b)(6) motion to dismiss, plaintiffs are correct (unless the court first converts the motion to one for summary judgment).  *Jackson v. Integra Inc.*, 952 F.2d 1260, 1261 (10th Cir. 1991).  But the court may consider documents outside the complaint when deciding a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction.  *Pringle v. United States*, 208 F.3d 1220, 1222 (10th Cir. 2000).  It may also review documents subject to judicial notice, such as the court's own files and records, as well as facts in the public record.  *Tal v. Hogan*, 453 F.3d 1244, 1265 n.24 (10th Cir. 2006).  And the court is also free to consider documents outside the complaint when they are central to the plaintiff's claims and are referred to in the complaint.  *GFF Corp. v. Associated Wholesale Grocers*, 130 F.3d 1381, 1384 (10th Cir. 1997).

In May 2008, Security Saving Bank, F.S.B. ("SSB") obtained a foreclosure order on the property located at 400 Forest in Salina, Kansas.  SSB had a first mortgage and Central National Bank ("CNB") had a second mortgage on the property.  The property was auctioned off in November, 2008, and Lonnie Wilson/Lloyds of Kansas, LLC[1] purchased the property.

In February 2009, CNB assigned its redemption rights to plaintiffs.  The District Court of Saline County initially ruled that the redemption was valid, but later reconsidered its decision.  Plaintiffs appealed the district court's adverse decision to the Kansas Court of Appeals.  SSB then closed, and the Federal Deposit Insurance Corporation ("FDIC") was appointed Receiver for the bank.  Plaintiffs filed a claim with the FDIC setting forth the same claims plaintiffs were litigating in state court.  On July 5, 2011, the FDIC issued its Notice of Disallowance of Claim.  Plaintiffs then filed the instant case on September 2, 2011.

---

[1] The parties dispute who actually purchased the property.  The identity of the purchaser is irrelevant here.

In March 2011, the FDIC was substituted as a party in the appeal.  Based on this substitution, the Kansas Court of Appeals determined that it lacked jurisdiction to resolve plaintiffs' appeal in May 2011.  Plaintiffs petitioned the Kansas Supreme Court for review.  At the time plaintiffs filed this case, the petition for review was still pending, but the Kansas Supreme Court has since denied review.

## II.    Legal Standard

Defendants move to dismiss the claims against them under both Rule 12(b)(1), for lack of subject matter jurisdiction, and Rule 12(b)(6), for failure to state a claim.

Dismissal pursuant to Rule 12(b)(1) is appropriate when the court lacks subject matter jurisdiction over a claim for relief.  The party asserting jurisdiction has the burden of establishing subject matter jurisdiction.  *Port City Props. v. Union Pac. R.R. Co.*, 518 F.3d 1186, 1189 (10th Cir. 2008).

In reviewing a Rule 12(b)(6) motion to dismiss, the court assumes as true all well-pleaded facts, and construes any reasonable inferences from these facts in favor of plaintiffs.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Tal*, 453 F.3d at 1252.  The court will grant a Rule 12(b)(6) motion to dismiss only when the factual allegations fail to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  While the factual allegations need not be detailed, they must contain facts sufficient to state a claim that is plausible, rather than merely conceivable.  *In re Motor Fuel Temperature Sales Practices Litig.*, 534 F. Supp. 2d 1214, 1216 (D. Kan. 2008).

### III.     Discussion

Defendants first argue that all of plaintiff's claims are barred by the doctrines of *res judicata* and/or collateral estoppel.  Although the doctrines of res judicata and collateral estoppel operate in slightly different manners, both rest on the principle that final earlier judgments must be advanced and adhered to by subsequent courts.  *Augustine v. Adams*, 88 F. Supp. 2d 1166, 1170 (D. Kan. 2000). Under *res judicata*, commonly referred to as claim preclusion, a final judgment on the merits precludes the parties or their privies from relitigating any claims that were or could have been raised in that action.  *See Allen v. McCurry*, 449 U.S. 90, 94 (1980).  Under collateral estoppel, also known as issue preclusion, a court's decision on an issue of fact or law that is necessary to its judgment precludes relitigation of the same issue in a different cause of action between the same parties.  *See Montana v. United States*, 440 U.S. 147, 153 (1979).  This court analyzes the question under federal law. *Augustine*, 88 F. Supp. 2d at 1170.

#### *1.  Res Judicata*

For the doctrine of *res judicata* to apply, the following three conditions must be satisfied: (1) a final judgment on the merits must have been made in the prior action; (2) the parties must be identical or in privity; and (3) the suit must be based on the same cause of action.  *See Yapp v. Excel Corp.*, 186 F.3d 1222, 1226 (10th Cir. 1999) (citing *King v. Union Oil Co. of Cal.*, 117 F.3d 443, 445 (10th Cir. 1997)).  Defendants Lloyds of Kansas, LLC and Lonnie Wilson ask the court to apply the doctrine. The court examines each element in turn.

First:  Is there a final judgment on the merits?  The Saline County District Court entered its final order dismissing plaintiffs' claims on August 6, 2009.  The court stated:

> Wells did not have statutory redemption rights at the time of the tender of redemption. They are asking the Court to retroactively extend the period of redemption to encompass the date upon which the partial assignment of judgment was executed so that they would had have [sic] legally enforceable redemption rights in February.  The Court

declines to do so.  The redemption period expired on February 12, 2009.  Wells did not obtain the partial assignment of judgment until more than four months thereafter.  The Court agrees with the argument of [SSB] on this point. . . .  The Court declines to use its equitable powers to retroactively bestow lien creditor status on Wells.

. . . .

IT IS THEREFORE ORDERED that Lloyds of Kansas LLC is allowed to intervene, that [SSB's] motion for reconsideration is granted, that the tender or redemption by David and Jennifer Wells is set aside, and that the Court's ruling on April 24, 2009 is modified as set forth herein.  This Memorandum Decision and Order shall serve as the Journal Entry.
IT IS SO ORDERED.

(Doc. 6-4 at 13–14.)

Plaintiffs argue that there can be no judgment on the merits because on appeal, the Kansas Court of Appeals held that it lacked jurisdiction over the case.  But the Court of Appeals did not hold that the district court had lacked jurisdiction to enter its judgment; to the contrary, it held only that the appellate court lacked jurisdiction to hear the case because the FDIC was substituted as a receiver for SSB.[2]  In so holding, the appellate court left the district court's ruling intact.  That judgment stands as a final judgment on the merits.

Second:  Are the parties the same?  The complaint states, "The parties to this lawsuit were involved either as named parties or as persons with legal interest in the subject matter of the state court litigation, in the District Court of Saline County, Kansas and/or in the Kansas Court of Appeals. . . ." (Doc. 1 at 2.)  Plaintiffs were parties in the state court action, as well as SSB.  Defendant FDIC now stands in SSB's shoes, as a party in privity with SSB.  Defendant Lloyds intervened in the state court action.

---

[2] Contrary to plaintiffs' representation in their response to defendant FDIC's motion to dismiss (Doc. 13), the appellate court did not hold that federal courts must exercise jurisdiction over these claims.  Plaintiffs claim that they were "summarily told that Federal Court was the only place they could go."  (Doc. 13 at 4.)  In fact, in reaching its decision, the Kansas Court of Appeals cited a federal court that also decided it did not have jurisdiction in a similar circumstance. *Security Sav. Bank v. Home Resort Inc.*, No. 103,131, 2011 WL 2175933, at *2 (Kan. Ct. App. May 27, 2011).  The appellate court did not suggest that plaintiffs' only recourse was federal court.

Lonnie Wilson was not a party to the state court action.  This fact, however, does not end the *res judicata* inquiry.  Plaintiffs have merely alleged that defendant Wilson purchased the property at the sheriff's sale on his own behalf or on behalf of defendant Lloyds.  There are no specific claims or allegations against him.  A party cannot add a new defendant solely for the purpose of avoiding application of *res judicata*, and defendant Wilson's presence does not impact the doctrine's applicability here.

Third:  Is the suit based on the same cause of action?  Generally, yes, but this is where the question gets a bit complicated.  Oddly, this element is not contested; plaintiffs admit as much in their complaint.  Plaintiffs instead focus on arguing that there is no final judgment on the merits.  But plaintiffs purportedly bring this action as a request for review of the FDIC's decision.  Plaintiffs have not previously sought review of the FDIC's decision, which brings into question whether this suit is based on the same "cause of action" as the state court suit.

Practically, if the court were to grant plaintiffs the relief they seek, the court would have to resolve the same questions that the state court resolved—and reach a contrary result.  This the court cannot do.  While this suit technically represents a different avenue for challenging the decision not to allow plaintiffs to redeem the property, it involves identical issues.  In other words, *res judicata* may not technically apply, but the spirit of the doctrine does.

After considering the three elements of claim preclusion, the court determines that the claims against defendants Lloyds and Wilson are not barred by the doctrine of *res judicata*.  Defendants Lloyds and Wilson also raise collateral estoppel, however, and the court moves next to consider its applicability.

### *2.  Collateral Estoppel*

The next question is whether collateral estoppel precludes the claims against defendants FDIC, Lloyds, and Wilson.  For collateral estoppel to apply, the following conditions must be satisfied: (1) the issue previously decided must be identical with the one presented in the current action; (2) the party against whom the doctrine is invoked must have been a party or in privity with a party to the prior action; (3) the party against whom the doctrine is raised must have had a full and fair opportunity to litigate the issue in the prior action; and (4) the prior action must have been finally adjudicated on the merits.  *See Murdock v. Ute Indian Tribe*, 975 F.2d 683, 687 (10th Cir. 1992) (citing *United States v. Rogers*, 960 F.2d 1501, 1508 (10th Cir. 1992)) (quoting *In re Lombard*, 739 F.2d 499, 502 (10th Cir. 1984)).

Three elements of the collateral estoppel analysis are similar to the *res judicata* analysis above.  First, the issues are identical (in this analysis, the *issues* are critical, not the *cause of action*).  Second, the parties against whom the doctrine is invoked—the Wells—were parties in the prior action.  And third (regarding the fourth collateral estoppel element), the prior action was finally adjudicated on the merits.  The only element that remains to be analyzed is whether the Wells had a full and fair opportunity to litigate the issue in the state litigation.

In state district court, plaintiffs filed a brief in support of redemption.  The district court initially ruled that their redemption was valid.  Then, after Lloyds entered an appearance in the state action, SSB filed a motion to reconsider and the court held a hearing.  Plaintiffs' counsel appeared and argued in favor of redemption again.  When plaintiffs lost, they appealed.  On appeal, they argued that they should be able to redeem the property and that the FDIC's newly-established presence in the case did not deprive the appellate court of jurisdiction.  Although plaintiffs lost on appeal and were denied review by the Kansas Supreme Court, they had a full opportunity to present their case.

Based on these factors, the court determines that collateral estoppel applies to bar plaintiffs'
claim against defendants FDIC, Lloyds, and Wilson.

### 3.   Jurisdictional Question

Even if the court were not convinced that the case is barred by issue preclusion, the court would
be obligated to examine its jurisdiction over the case.  Ordinarily, the court would examine its
jurisdiction first.  But in this case, the questions are somewhat intertwined and the basis for federal
jurisdiction is unclear.

Plaintiffs invoke this court's jurisdiction pursuant to 12 U.S.C. § 1821(d)(6).  Under this
statute, a claimant who has filed a claim with the FDIC can seek judicial review.  The problem with
bringing a federal action under this statute lies in plaintiffs' own allegations and requests.  First,
plaintiffs insist that "[t]he receivership itself would be absolutely unaffected by any possible outcome
of the redemption lawsuit controversy pending before the appellate courts in Kansas."  (Doc. 1 at 8.)  If
the receivership would be "absolutely unaffected," then the court fails to see how this case can truly
constitute judicial review of the FDIC's decision.  Second, plaintiffs ask that the court take one of the
following alternative actions:  (1) "determine that the Kansas Courts still have valid and appropriate
jurisdiction over this matter and that this case should be dismissed and that the Kansas Courts should
be informed that they may proceed to fully decide all of the issues involved in the pending State Court
litigation . . ."; or (2) "assume jurisdiction over this matter, and grant the redemption sought by the
Plaintiffs . . . ordering that the appropriate Sheriff's Deed be issued to the Plaintiffs . . . to convey title .
. . to the Plaintiffs . . ."; or (3) award plaintiffs money damages for the loss of the use of the property.
(Doc. 1 at 9.)

In light of plaintiffs' argument that the receivership would be unaffected and the nature of the
relief that plaintiffs seek, it appears to the court that plaintiffs are merely using § 1821(d)(6) as a

vehicle to get into federal court, when the relief they seek is not available from the FDIC under that statute and was not originally requested from the FDIC.[3]  Under 18 U.S.C. § 1821(d), the FDIC has the power to pay allowed claims.  But the FDIC could not compel the Kansas courts to assert jurisdiction over the case.  And the court sees no authority in § 1821(d) for the FDIC, as receiver, to grant a redemption.  Finally, the damages plaintiffs seek—for lost use of the property—are damages incurred as a result of the state court denying plaintiffs' request for redemption.

In other words, this case is not truly seeking review of the FDIC's denial of relief, but of the Kansas Court of Appeals' denial of relief.  Of course, under rules of comity, this court does not sit in review of state court decisions.  *Cf. Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 416 (1923); *Bolden v. City of Topeka, Kan.*, 441 F.3d 1129, 1139 (10th Cir. 2006) (explaining that the *Rooker-Feldman* doctrine "prohibits federal suits that amount to appeals of state-court judgments").[4]  For these reasons, the court believes that it lacks jurisdiction over the case.  But even if there were a basis for federal jurisdiction, the case is barred by the doctrine of collateral estoppel.

**IT IS THEREFORE ORDERED** that Defendants Lloyds of Kansas, LLC and Lonnie Wilson's Motion to Dismiss (Doc. 5) is granted.

**IT IS FURTHER ORDERED** that Defendant Federal Deposit Insurance Corporation's Motion to Dismiss (Doc. 10) is granted.

---

[3] In their Proof of Claim, plaintiffs requested $500,000 from the FDIC for the value of the property and other incidental and consequential damages.  (Doc. 17-1 at 3.)  Here, the only monetary damages sought are "in an amount in excess of $75,000, and for interest, costs, and attorney fees."  (Doc. 1 at 9.)  These monetary requests arguably overlap to some degree, but nowhere in plaintiffs' complaint do they ask the court to specifically review the FDIC's decision to disallow their claim because "[t]he claim includes [an] amount that is purely estimations and not fixed and certain at the date of bank failure."  (Doc. 17-2.)  In fact, the court had to specifically ask plaintiffs to submit their Proof of Claim and the FDIC's Notice of Disallowance of Claim for the court to know what it was being asked to review.  (Doc. 16.)
[4] The court recognizes that because the state court appeal was still in progress at the time this case was filed, *Rooker-Feldman* does not directly apply to bar this case.  *See Guttman v. Khalsa*, 446 F.3d 1027, 1032 (10th Cir. 2006).  The principles underlying the doctrine, however, are still relevant.

The case is closed.

Dated this 24th day of May, 2012, at Kansas City, Kansas.


s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**