IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **DAVID AND JENNIFER WELLS,** | ) |
| | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) |
| | ) Case No. 11-1271-CM |
| | ) |
| **FEDERAL DEPOSIT INSURANCE** | ) |
| **CORPORATION as receiver for** | ) |
| **Security Savings Bank, F.S.B.;** | ) |
| **LLOYDS OF KANSAS, LLC; LONNIE** | ) |
| **WILSON, in his individual capacity and/or** | ) |
| **in his representative capacity,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

**MEMORANDUM AND ORDER**

Plaintiffs David and Jennifer Wells brought this action seeking redemption of property located in Saline County, Kansas. Based on the doctrine of collateral estoppel, the court dismissed plaintiffs' claim. The case is now before the court on Plaintiffs' Motion for Alteration or Amendment of Judgment and/or for Reconsideration (Doc. 20). Plaintiffs ask the court to alter or amend its ruling because the court committed a manifest error of law or misapprehended the law. Specifically, plaintiffs contend that the court erred in concluding that the previous state court lawsuit resulted in a final judgment on the merits. They also believe that the court erred in relying on the "spirit" of the law. Alternatively, plaintiffs argue that the court failed to read the complaint broadly enough.

The grounds justifying an alteration, amendment, or reconsideration are essentially the same: (1) a change in law; (2) new evidence; or (3) the necessity of correcting clear error or preventing manifest injustice. *See* D. Kan. R. 7.3(b) (listing factors for reconsideration); *Servants of the Paraclete*

-1-

*v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (listing Rule 59(e) factors); *Priddy v. Massanari*, No. No. 99-4195-DES, 2001 WL 1155268, at *2 (D. Kan. Sept. 28, 2001) (observing that the factors for reconsideration and Rule 59(e) are the same). "Appropriate circumstances for a motion to reconsider are where the court has obviously misapprehended a party's position on the facts or the law, or the court has mistakenly decided issues outside of those the parties presented for determination." *Sithon Maritime Co. v. Holiday Mansion*, 177 F.R.D. 504, 505 (D. Kan. 1998) (citations omitted).

Plaintiffs' motion does little more than rehash previously-submitted arguments. Again, they contend that the state court lawsuit did not result in a final judgment on the merits. The court addressed this argument in its previous order and rejected plaintiffs' position. And although plaintiffs criticize the court's application of the doctrine of collateral estoppel, they do not argue that the court's jurisdictional holding was in error. The court alternatively held that it lacks jurisdiction over the case. This ruling independently supports dismissal.

Plaintiffs also raise an argument not contained in their original briefing on the motions to dismiss: that by the express terms of Fed. R. Civ. P. 41(b), the doctrines of collateral estoppel and *res judicata* do not apply in this case. Plaintiffs may not raise new arguments in the context of a motion to alter or amend that they could have made earlier. *Servants of the Paraclete*, 204 F.3d at 2012.

Finally, plaintiffs submit that the court did not construe their complaint broadly enough. They now claim that the court should have read their complaint to "assert that the F.D.I.C. failed to grant the Plaintiffs[] money damages against Security Savings Bank (now in receivership) for violating the mandate of Kansas mortgage foreclosure law which requires that no foreclosing creditor sell the foreclosed premises to a third party before the original ninety-day interval set by statute." This claim, however, does not appear in plaintiffs' complaint. Instead, as the court pointed out in its previous order, the complaint focuses on the perceived errors of the state court and seeks redemption of the

property.  The only request for damages is an alternative request, and it is for lost use of the property.  The court explained in its previous order why it does not believe that plaintiffs' damages request constitutes a valid request for this court to review the FDIC's denial of relief.  Plaintiffs are the responsible for their own complaint, and they chose to frame it in substance as a challenge to the state court decisions, instead of as a true challenge of the FDIC's decision—which is the only challenge that is not barred by the doctrine of collateral estoppel and is within this court's jurisdiction.  Plaintiffs' request does not merit reconsideration.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Alteration or Amendment of Judgment and/or for Reconsideration (Doc. 20) is denied.

Dated this 9th day of August, 2012, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**